J. Richard WAGNER and Kristin Schwall, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

PROFESSIONAL ENGINEERS IN CALIFORNIA GOVERNMENT, Defendant–Appellee,

and

Kathleen CONNELL, State Controller, in both her personal and official capacity, Defendant.

No. 00–15753.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Decided Feb. 5, 2001.

Before SNEED, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Plaintiffs J. Richard Wagner and Kristin Schwall sued Professional Engineers in California Government (PECG) and the California State Controller under 42 U.S.C. § 1983. They challenged the manner in which PECG and the state collected "fair share fees" from state employees, like themselves, who are not members of PECG but who nevertheless are represented by PECG for collective-bargaining purposes. Plaintiffs then moved to certify a class of plaintiffs under Federal Rule of Civil Procedure 23(a). The proposed class consisted of "all individuals who, at any time since April 1, 1999, (a) were 'state

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

employees' in a bargaining unit represented by PECG, (b) were not union members, and (c) had 'fair share fees' seized from their pay." The district court denied class certification, concluding that Plaintiffs and their counsel did not satisfy the requirements of typicality, *see* Fed.R.Civ.P. 23(a)(3), and adequacy, *see* Fed.R.Civ.P. 23(a)(4). Plaintiffs brought this interlocutory appeal. We reverse and remand for further proceedings.

## I. *Adequacy*

The district court concluded that Plaintiffs did not satisfy the requirement of adequacy, based on a potential conflict of interest between Plaintiffs and other members of the putative class. Relying on *Gilpin v. American Fed'n of State, County & Mun. Employees,* 875 F.2d 1310 (7th Cir.1989), the court concluded: "Plaintiffs' punitive damages claim is arguably antagonistic to the wishes of other [non-member] state employees who may not be in favor of financially punishing or possibly ruining the union, i.e. the 'free riders.'"

A "free rider" is an "employee who is happy to be represented by a union but won't pay any more for that representation than he is forced to." *Gilpin,* 875 F.2d at 1313. The district court concluded that Plaintiffs' interests are in conflict with those of the "free riders" among the 3,200 potential class members, because Plaintiffs' claim for punitive damages might seriously harm the union.

This court has neither embraced nor rejected *Gilpin.* Nor will we do so in this interlocutory appeal, because the record is inadequately developed. The district court concluded that there was a potential conflict between Plaintiffs and "free riders" in

their bargaining unit, but did not make an accompanying finding that there *are* any "free riders." Nor could it have, on this record; the evidence does not establish that the divergence in viewpoint described in *Gilpin* is present in this case. Without some evidence that members of the putative class disagree with Plaintiffs generally, or with their claim for punitive damages specifically, we cannot evaluate the district court's conclusion that Plaintiffs and their counsel are inadequate under *Gilpin.*

Accordingly, we remand to allow the district court to take evidence and make findings of fact on that question whether an actual conflict exists between Plaintiffs and any "free riders" in their bargaining unit.[1]

## II. *Typicality*

The district court also concluded that Plaintiffs failed to satisfy the requirement of typicality, "because the defenses raised against objectors [like Plaintiffs] in this action may differ from those asserted against nonobjectors." The court referred to one defense in particular, the defense "that the current action is barred by the pendency of another action adjudicating the same issues, namely a pending arbitration proceeding commenced by Plaintiffs under California State Law."

Plaintiffs claim that only one plaintiff— Kristin Schwall—actually was a party to that arbitration. Defendants disagree and assert that Plaintiff J. Richard Wagner also was a party. We cannot resolve that factual conflict on this record; the district court's order may be read to suggest that both Plaintiffs were parties to the arbitration, but nothing in the court's order is

---

1. Additionally, even if Plaintiffs' interests conflict with those of "free riders," Plaintiffs could be adequate representatives of a smaller class that excludes "free riders," provided that the other requirements for class certification, including numerosity, *see* Fed.R.Civ.P. 23(a)(1), still are met.

sufficiently explicit to be treated as a finding of fact.

Further, the arbitration apparently has concluded during the pendency of this appeal. We are unsure what effect—if any—the resolution of the arbitration has on the district court's conclusion that Plaintiffs do not satisfy the requirement of typicality.

On remand, the district court should resolve the question whether both Plaintiffs were parties to the state arbitration and also should revisit its conclusion on the issue of typicality in view of the apparent resolution of that arbitration.

REVERSED and REMANDED.